## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERROL FALCON, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-0343** |
| **ROBERT TANNER, WARDEN, RCC** | **SECTION "I"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I. Factual and Procedural Background

The petitioner, Errol Falcon, Jr., ("Falcon"), was a convicted inmate incarcerated in the B.B. "Sixty" Rayburn Correctional Center at the time of the filing of this petition.[2] On February 11, 2010, Falcon was indicted by a St. Charles Parish Grand Jury on eight counts of illegal possession of stolen things valued over $500 and one count of illegal possession of stolen things valued over $1500.[3] He initially entered pleas of not guilty to the charges on February 25, 2010.[4]

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 3. Falcon indicates that he was to be released on August 3, 2016. Rec. Doc. No. 7.

[3]St. Rec. Vol. 1 of 5, Indictment, 2/11/10 (as amended 6/5/11); Grand Jury Return, 2/11/10.

[4]St. Rec. Vol. 1 of 5, Minute Entry, 2/25/10.

The record reflects that, on December 11, 2009, members of the St. Charles Parish Sheriff's Office Criminal Investigation Bureau began a physical surveillance of Falcon in connection with their investigation of a series of burglaries.[5]  During this surveillance, Detective Jody Fahrig saw a vehicle of interest travel to the Walmart store in Boutte, Louisiana.  Casey Oncale, an asset protection manager for Walmart, told the Detective that the vehicle belonged to a Walmart employee, Tracie Wright, who also was Falcon's girlfriend.  Oncale stated that she believed Wright and Falcon were working together to steal from Walmart during Wright's shifts in the asset protection unit.

On December 13, 2009, Detective Fahrig observed Falcon arrive in a car at the Walmart in Boutte.  Falcon walked inside of the store at approximately 10:00 p.m., and exited about fifty minutes later.  Detective Fahrig did not see Falcon carry or conceal anything.  She followed Falcon home and saw no suspicious behavior or evidence of stolen goods from the Walmart.

The next day, December 14, 2009, Detective Fahrig spoke to Oncale at Walmart.  Oncale had reviewed the video recording from the security camera system, and saw a series of actions by Falcon.  The video showed that Falcon removed items from shelves in one area and carried them into areas of the store that were not viewable by the store's security cameras.  Oncale also reported that Falcon left the Walmart without paying for anything.  She visited the off-camera areas where Falcon had gone and found empty packaging from items consistent with the items he moved from other areas of the store.  Oncale also explained to the Detective that the areas of the store not viewable by the security cameras only were known to the upper-level management and the store's asset protection managers, including Wright.

---

[5]The facts were taken from the published opinion of the Louisiana Fifth Circuit Court of Appeal.  *State v. Falcon*, 138 So.3d 79, 83-87 (La. App. 5th Cir. 2014); St. Rec. Vol. 5 of 5, 5th Cir. Opinion, 13-KA-849, pp. 6-14, 3/12/14.

Detective Fahrig also viewed the video, took Oncale's statement, and retrieved the video disc for the investigation.  Based on this information, the Detective applied for and received a search warrant for Falcon's home to locate the items believed to have been stolen from the Walmart, including several Blu-Ray DVDs, a Sony PlayStation controller, several packages of printer ink, a Canon printer ink and paper package, a bottle of cologne, and two packages from the pharmacy section.  Officers executed the warrant and retrieved various matching items from Falcon's home, and he was arrested.

After the state trial court denied Falcon's original and supplemental motions to suppress the evidence, he entered a plea of guilty on July 7, 2011, to nine counts of possession of stolen things valued over $500 pursuant to *State v. Crosby*, 338 So.2d 584 (La. 1976) reserving his right to appeal suppress issue.[6]  The Court sentenced Falcon on July 20, 2011, to serve ten years in prison on counts one and two to run consecutively, and ten years in prison on each of counts three through nine to run concurrently with each other and the sentences on counts one and two.[7]

On October 28, 2011, the Court granted Falcon's motion to reduce the sentence, to which the State agreed based on his cooperation in another case.[8]  The Court resentenced Falcon to serve to fifteen years total in the custody of the Louisiana Department of Corrections.[9]  The Court later amended its minutes to clarify that the sentence was for consecutive terms of five years in prison on count one and ten years in prison on count two.[10]

---

[6]St. Rec. Vol. 1 of 5, Minute Entry, 7/7/11; St. Rec. Vol. 4 of 5, Plea Transcript, 7/7/11.

[7]St. Rec. Vol. 1 of 5, Sentencing Minutes, 7/20/11; St. Rec. Vol. 5 of 5, Sentencing Transcript, 7/20/11.

[8]St. Rec. Vol. 1 of 5, Minute Entry, 10/28/11; St. Rec. Vol. 3 of 5, Motion for Reduction of Sentence, 10/28/11; St. Rec. Vol. 5 of 5, Hearing Transcript, 10/28/11.

[9]St. Rec. Vol. 1 of 5, Minute Entry, 10/28/11; St. Rec. Vol. 5 of 5, Hearing Transcript, 10/28/11.

[10]St. Rec. Vol. 1 of 5, Minute Entry, 9/19/12.

On December 19, 2011, Falcon through counsel filed a motion seeking the return of certain personal property seized from his home, and the motion was assigned to different judge (not the presiding trial judge).[11]   While Falcon awaited a hearing on that motion, the State and the St. Charles Parish Sheriff's Office sought and obtained an order from the presiding trial judge which forfeited the evidence seized in Falcon's case.[12]

In due course, the other judge held a hearing on March 27, 2012, and granted Falcon's motion for the return of the property.[13]   The record reflects that, when Falcon's father went to retrieve the property from the Sheriff's Office on May 17, 2012, he was refused the property and given a copy of the forfeiture order issued by the presiding trial judge.[14]   Falcon did not seek immediate review of the issue at that time.

On August 2, 2012, Falcon's counsel filed an application for post-conviction relief requesting that Falcon be granted an out-of-time appeal based on trial counsel's failure to perfect the *Crosby* appeal on the denial of the motions to suppress.[15]   The Trial Court granted Falcon's request for an out-of-time appeal and eventually appointed counsel to represent him.[16]

On direct appeal to the Louisiana Fifth Circuit Court of Appeal, Falcon's appointed counsel argued that the Trial Court erred in denying the motion to suppress the evidence based on a warrant

---

[11]St. Rec. Vol. 3 of 5, Motion for Return of Seized Property, 12/19/11; *see also*, Trial Court Reasons for Judgment, 9/27/13.

[12]St. Rec. Vol. 3 of 5, Motion and Order for Forfeiture of Evidence, 1/27/12.

[13]St. Rec. Vol. 1 of 5, Minute Entry, 3/27/12; St. Rec. Vol. 3 of 5, Trial Court Judgment and Order, 4/27/12; *see also*, St. Rec. Vol. 5 of 5, Hearing Transcript, 2/1/12; Hearing Transcript, 3/27/12.

[14]St. Rec. Vol. 1 of 5, Minute Entry, 5/17/12.

[15]St. Rec. Vol. 3 of 5, Application for Post-Conviction Relief, 8/2/12.

[16]St. Rec. Vol. 1 of 5, Minute Entry, 9/19/12; St. Rec. Vol. 5 of 5, Hearing Transcript, 9/19/12; St. Rec. Vol. 3 of 5, Trial Court Order, 8/14/13.

issued without probable cause and a search which was beyond the scope of the warrant.[17]   The Fifth Circuit affirmed the conviction on March 12, 2014, finding the claim to be without merit and also noting that Falcon's arguments had already been resolved in the pretrial writ applications filed by counsel following the Trial Court's initial ruling.[18]

The Louisiana Supreme Court denied Falcon's related writ application without stated reasons on November 14, 2014.[19]   Under federal habeas law, Falcon's conviction and sentence became final ninety (90) days later, on February 12, 2015, because he did not file an application for writ of certiorari with the United States Supreme Court.  *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1); *see also*, *Jiminez  v. Quarterman*, 555 U.S. 113, 121 (2009) (a state defendants conviction is not final for purposes of seeking federal habeas review until the conclusion of the out of time appeal process).

In the meantime, during the pendency of the appeal proceedings, on May 15, 2013, Falcon filed a motion seeking to enforce the Trial Court's March 27, 2012, order releasing the seized property to his family and a motion for contempt for the Sheriff's Office's disregard for the order.[20] Following a hearing held on August 27, 2013, the Trial Court issued written reasons on September 27, 2013, denying Falcon's motion to enforce and for contempt finding that the Sheriff's Office acted in good faith in the forfeiture proceedings, and had not been given notice of Falcon's motion for return of the property, and indicating its belief that Falcon had no ownership interest in the

---

[17]*Falcon*, 138 So.3d at 79; St. Rec. Vol. 6 of 6, 5th Cir. Opinion, 13-KA-849, p. 2, 3/12/14.

[18]*Id.*; *see also*, *State v. Falcon*, 63 So.3d 966 (2011); St. Rec. Vol. 2 of 5, La. S. Ct. Order, 2011-KK-0625, 4/25/11; 5th Cir. Order, 11-K-29, 2/24/11.

[19]*State v. Falcon*, 152 So.3d 877 (La. 2014); St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2014-KO-0769, 11/14/14.

[20]St. Rec. Vol. 3 of 5, Motion to Enforce, 5/15/13; Motion for Contempt, 5/15/13.

property at issue.[21]   Later, unrelated to the property issue, the Court denied Falcon's untimely request to reconsider his sentence on October 25, 2013.[22]

Falcon eventually sought review of the denial of his motions to enforce and for contempt, and on March 11, 2014, the Louisiana Fifth Circuit denied his writ application as untimely filed under La. App. Rule 4-3.[23]   The Court refused Falcon's request for reconsideration on April 29, 2015.[24]   The Louisiana Supreme Court also denied Falcon's related writ application without stated reasons on March 6, 2015.[25]

In the meantime, on September 4, 2014, the Trial Court denied as untimely Falcon's counsel-filed motion to reduce his sentence.[26]   On May 12, 2015, the Trial Court also denied another motion to reduce the sentence filed *pro se* by Falcon, because it lacked jurisdiction to consider the untimely motion filed more than thirty days after his sentencing.[27]   The Louisiana Fifth Circuit denied Falcon's related writ application on July 8, 2015, finding no error in the Trial Court's ruling.[28]   The record does not reflect that Falcon sought further review of that order.

---

[21]St. Rec. Vol. 3 of 5, Trial Court Reasons for Judgment, 9/27/13; Trial Court Judgment, 9/27/13.

[22]St. Rec. Vol. 5 of 5, Trial Court Order, 10/25/13; St. Rec. Vol. 1 of 5, Minute Entry, 10/25/13.

[23]St. Rec. Vol. 5 of 5, 5th Cir. Order, 14-KH-109, 3/11/14.

[24]St. Rec. Vol. 5 of 5, 5th Cir. Order, 14-KH-109, 4/29/14.

[25]*State ex rel. Falcon v. State*, 161 So.3d 11 (La. 2015); St. Rec. Vol. 5 of 5, La. S. Ct. Order, 2014-KH-1142, 3/6/15.

[26]St. Rec. Vol. 5 of 5, Trial Court Order, 9/4/14; Motion to Reduce Sentence, 8/26/14.

[27]St. Rec. Vol. 5 of 5, Trial Court Order, 5/12/15; Motion for Reduction of Sentence, 5/8/15.

[28]St. Rec. Vol. 5 of 5, 5th Cir. Order, 15-KH-393, 7/8/15.

## II.   **Federal Habeas Petition**

On February 26, 2016, the clerk of this Court filed Falcon's petition for federal habeas corpus relief in which he asserted three grounds for relief:[29] (1) the state trial court erred in denying the motion to enforce the return of seized property as ordered on April 27, 2012; (2) the St. Charles Parish Sheriff's Office failed to return property seized from the petitioner and his family pursuant to the court order issued April 27, 2012; and (3) the Louisiana Fifth Circuit Court of Appeal erred in denying petitioner's application pursuant to La. App. Rule 4-3.

In its answer in opposition, the State asserts that the state courts acted reasonably in denying Falcon's motions to suppress, which is an issue that is <u>not</u> presently before the Court and a contention that is wholly irrelevant to the resolution of Falcon's current federal habeas petition.[30] The State further suggests that Falcon did not exhaust state court remedies and has presented this court with a prohibited second or successive petition.   As will be discussed below, neither contention is legally sound or factually accurate.

In response to the State's answer in opposition, Falcon indicates his disagreement with the factual representations made by the State and re-asserts his entitlement to the return of his property.[31]

## III.   **Lack of Subject Matter Jurisdiction**

Falcon's assertions before this Court arise from the state courts' reconsideration of and refusal to enforce an improvidently granted motion for the return to him of the property seized from his family home in connection with the Walmart and other robberies.   He does not seek the

---

[29]Rec. Doc. No. 3.

[30]Rec. Doc. No. 7.

[31]Rec. Doc. No. 7.

return of the property to prepare a challenge to his conviction or sentence and instead simply seeks the return of property he eventually claimed to be his or his families and not part of the stolen merchandise.  Falcon has failed to present a cognizable federal habeas claim and this Court lacks the jurisdiction to review the state courts' rulings on the return of the property.

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011).  As such, the writs' "sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976).  "[T]he Great Writ … cannot be utilized as a base for the review of a refusal to grant collateral administrative relief or as a springboard to adjudicate matters foreign to the question of the legality of custody." *Id*. at 936.  Therefore, a federal district court lacks jurisdiction under the habeas statutes to review matters not related to the legality of a petitioner's conviction and confinement. *Id*. at 935-36.

In this case, Falcon does not challenge his underlying conviction or the fact or length of his current confinement.  Instead, he asks this Court simply to review the propriety of the state courts' denial of his requests to have the property returned to him and issue an order directing that he be given those items by the Sheriff.  These are not remedies available through the writ of habeas corpus. *Accord Buckner v. Louisiana*, No. 15CV2916, 2016 WL 2637898, at *3 (W.D. La. Mar. 15, 2016), *report adopted by* 2016 WL 2637904, at *1 (W.D. La. May 5, 2016) (request to have state court release documents was not a challenge to petitioner's conviction or sentence and the federal habeas court was without authority to issue an order directing the state court to provide petitioner with the document, which was a relief not available through a habeas corpus petition.).

This Court does not have the authority under habeas law to order the state courts or the St. Charles Sheriff's Office to release property to the petitioner.

Furthermore, this federal district court is without the authority to review the propriety of the state trial court's judgment refusing to order the release of the property or the reasons for denial of relief by the higher state courts.  A federal district court does "not sit as [a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law." *Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994) (quotation omitted).  More specifically, as one federal district court has held, federal jurisprudence prohibits a collateral attack through habeas corpus on a Louisiana court's judgment of forfeiture.  *See Singleton v. Warden, FCI Estill*, No. 10-CV-0191, 2011 WL 6181427, at *2 (W.D. La. Oct. 26, 2011) (citing the *Rooker*/*Feldman* doctrine which prohibits federal district courts from entertaining collateral attacks on state court judgments), *report and recommendation adopted*, 2011 WL 6205584, at *1 (W.D. La. Dec. 13, 2011); *see also*, *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) ("The *Rooker-Feldman* doctrine holds that federal district courts lack jurisdiction to entertain collateral attacks on state judgments.")  Simply put, the United States Supreme Court is the only federal court that can sit in any type of direct appellate review of a state court judgment.  *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

This district court is without jurisdiction to consider Falcon's claims arising from the state courts' order declining to enforce or direct the release of property, the Sheriff's failure to release the property, or the propriety of the state court review of the forfeiture orders.  For the foregoing reasons, Falcon's petition must be dismissed for lack of subject matter jurisdiction.

**IV.**     **Alternative Grounds for Dismissal for Lack of Jurisdiction**

To the extent a reviewing court could conceivably find that Falcon has asserted a cognizable habeas issue, his claims have been exhausted in the state courts, and the petition must be considered to be a prohibited second or successive petition over which this Court has no jurisdiction.

If a habeas claim has been asserted by Falcon, the Court is compelled to acknowledge legal and factual errors in the State's answer in opposition to Falcon's petition.  As noted previously, the State contends that Falcon failed to exhaust state court review of his claims asserted in the current petition.  The record, however, belies the State's conclusion.

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing *Ex Parte Royall*, 117 U.S. 241, 251 (1886)).  The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court in a procedurally proper manner.  *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).  "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Falcon without doubt sought the release of the property in question in the state trial court.  As he contends, one state judge granted his request for the release of the property by Judgment and Order issued on April 27, 2012.  When his father could not recover the items from the Sheriff's

Office, Falcon sought enforcement of the order for release, albeit almost one year later.  Falcon's request was denied by the state trial court on September 27, 2013.  Falcon pursued review of that order and the Sheriff's refusal to release his property in the Louisiana Fifth Circuit, and the writ application was denied as untimely filed.  He subsequently sought review in the Louisiana Supreme Court on the same issues to no avail.

Falcon, therefore, gave each level of the state courts an opportunity to review his claims before pursuing federal relief.  The State's failure to identify and acknowledge these proceedings was clear error and the failure to exhaust defense must be rejected.  Nevertheless, to the extent Falcon's claims before the Court can be construed as seeking cognizable federal habeas relief, the Court still lacks jurisdiction because the petition would be a prohibited second or successive petition.

Pursuant to 28 U.S.C. §§ 2244(b)(1) and (2), a district court must dismiss any new or previously raised claim presented in a second or successive § 2254 habeas corpus petition.  Any second or successive federal habeas petition must first be submitted to the appropriate federal appeals court, which may grant or deny leave to file it in the district court, before it may be pursued in the district court.  28 U.S.C. § 2244(3).

The United States Fifth Circuit Court of Appeals has recognized that the AEDPA did not define the phrase "second or successive" in Section 2244.  For guidance, the United States Fifth Circuit has turned to pre-AEDPA law defining those same terms under Rule 9(b) of the Rules Governing Section 2254 Cases:

> Section 2244(b) does not define "second or successive" petition.  The specific language in the Act is derived from Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, which states that "[a] second or successive petition may be dismissed if . . . it fails to allege a new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, . . .  the failure of the petitioner to assert those grounds in a prior petition

constituted an abuse of the writ." Although the AEDPA's amendment to § 2244 imposes stricter requirements for "second or successive" petitions than the pre-AEDPA "abuse of the writ" standard in Rule 9(b), <u>nothing in the AEDPA affects the determination of what constitutes a "second or successive" petition.</u>

*In re Gasery*, 116 F.3d 1051, 1052 (5th Cir. 1997) (emphasis added) (citation omitted).

Federal courts recognize a distinction between permissible subsequent petitions and impermissible ones in which prisoners "repeatedly [attack] the validity of their convictions and sentences." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). "[T]hese repeated attacks, which often take on new forms as the legal landscape shifts, are the evil against which AEDPA is directed and the counterpoint to the rule laid out in *Cain*." *Leal Garcia v. Quarterman*, 573 F.3d 214, 221-222 (5th Cir. 2009) (citing *In re Cain*, 137 F.3d at 235, 236 n.1).

The Fifth Circuit has made it clear that under the AEDPA "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d at 235. A later-filed petition is second or successive when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id*. at 235. This provision has been described as a "modified res judicata rule" that bars claims ripe for disposition at the time the original petition was filed, but which were inexcusably not raised in that earlier petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867-871 (5th Cir. 2000); *Graham v. Johnson*, 168 F.3d 762, 773 n.7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)). A petition containing such claims is impermissibly second or successive. *Id*.

The records of the Court reflect that, Falcon filed a prior federal habeas corpus petition under Civ. Action No. 15-789"C"(4) on February 6, 2015, under the federal mailbox rule, in which he challenged this same conviction on the grounds that the state courts erred under the Fourth

Amendment by denying his motion to suppress the evidence.[32]  The Court denied the petition on October 6, 2015, as inappropriate for federal review under the doctrine of *Stone v. Powell*, 428 U.S. 465 (1977) and its progeny.[33]  Falcon did not seek review of that ruling.

The state court records reflect that, at the time of the filing of the first petition, the issues raised in this second federal petition were known and available to Falcon and were not included in the first petition for this Court's review.

Where there has been an adjudication on the merits in a prior federal habeas proceeding, a subsequent petition is considered "second or successive." *Compare Graham*, 168 F.3d at 773 n.7 ("Under current law, however, it is clear that an application filed after a previous application was <u>fully adjudicated on the merits</u> is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." (emphasis added)), *with Barrientes v. Johnson*, 221 F.3d 741, 751 (5th Cir. 2000) (when prior petition is dismissed without prejudice, subsequent filing is not successive) (citing *Slack v. McDaniel*, 529 U.S. 473, 486-87 (2000) (same)).

Under the circumstances, Falcon's current petition, to the extent it is construed to assert a cognizable habeas issue, would be a second or successive petition as defined under § 2244(b). Before the petition can be addressed by this Court, Falcon must obtain authorization to file this second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A), which provides in part that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Falcon has not sought or obtained this

---

[32]Civ. Action No. 15-789"C"(4), Rec. Doc. Nos. 8, 1.

[33]Civ. Action No. 15-789"C"(4), Rec. Doc. Nos. 16, 18, 19.

authorization. Until such time as he obtains the authorization, this court would be without jurisdiction to consider his petition. *Mead v. Cain*, 438 F. App'x 340, 341 (5th Cir. 2011) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).

As provided in 28 U.S.C. §§ 2244(b)(1) and (2), a district court <u>shall</u> dismiss a second or successive Section 2254 petition. In the interest of justice, however, a district court <u>may</u> transfer a petition under 28 U.S.C. § 1631 to resolve its jurisdiction. In *In re Epps*, 127 F.3d 364 (5th Cir. 1997), the Fifth Circuit adopted a specific procedure to be employed when a successive habeas petition is transferred from a district court under § 1631 for consideration as a request for authorization to cure the jurisdictional question. *In re Epps* implies that a district court may transfer a successive habeas petition to the Fifth Circuit to consider under § 2244.

Section 2244(b)(2), however, directs the dismissal of successive claims and petitions that do not meet the particular exceptions listed therein. Furthermore, the Federal Rules of Civil Procedure also provide that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). The circumstances demonstrate that dismissal, rather than the transfer, of this case is appropriate.

In this case, dismissal of the petition for lack of jurisdiction is the appropriate resolution, so that the burden may properly be imposed upon Falcon to either properly pursue his non-habeas claims or obtain authorization to pursue any successive habeas claims, if he is so able.

## V.   <u>Recommendation</u>

For the foregoing reasons, it is **RECOMMENDED** that Falcon's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[34]

New Orleans, Louisiana, this <u>14th</u> day of September, 2016.

<br>

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[34]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.